**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**


**SADIYQ HOLLOWAY,**

|  |  |
|---|---|
| **Plaintiff,** | **Case No. 2:26-cv-202** |
| **v.** | **Chief District Judge Sarah D. Morrison** |
|  | **Magistrate Judge Kimberly A. Jolson** |

**OFFICER M ROGERS, et al.**

      **Defendants.**

### REPORT AND RECOMMENDATION

Before the Court are Plaintiff's two Motions for Leave to Proceed *in forma pauperis* (Docs. 1, 3).  The Court ordered Plaintiff to file the second because the first did not use the required form. (Doc. 2).  But Plaintiff's amended motion was still deficient.  (*See* Doc. 3).  The Court explained the deficiency and gave Plaintiff one more chance to clarify his financial situation. (Doc. 5).  He missed his deadline to do so.  (*Id.* (March 13 order giving Plaintiff a seven-day deadline)).  He was warned that failure to provide a clearer picture of his finances may result in a recommendation that he be ordered to pay the filing fee.  (*Id.*).  The Undersigned makes that recommendation now.

The Supreme Court, in *Adkins v. E.I. DuPont de Nemours & Co., Inc.*, set forth the legal standard applicable to a motion to proceed *in forma pauperis*.  335 U.S. 331 (1948).  An affidavit of poverty is sufficient if it reflects that the plaintiff cannot pay the court's filing fee without depriving himself the "necessities of life."  *Id*. at 339 (internal quotation marks omitted).  "Courts generally examine an applicant's employment, income, expenses, and any property or assets the applicant possesses when considering applications to proceed *in forma pauperis*."  *Motley v. Dream Living LLC*, No. 2:23-CV-3478, 2024 WL 2962791, at *1 (S.D. Ohio June 12, 2024). Although the plaintiff need not be totally destitute to proceed *in forma pauperis*, paying the filing

fee must be more than a mere hardship. *See Foster v. Cuyahoga Dep't of Health & Human Servs.*, 21 F. App'x 239, 240 (6th Cir. 2001) (noting that "the question is whether the court costs can be paid without undue hardship"). Consequently, unless it is clear that the one-time payment of the court's filing fee will render the plaintiff unable to provide for herself, the Court cannot grant her *in forma pauperis* status. *See Adkins*, 335 U.S. at 339. "Proceeding IFP 'is a privilege, not a right, and permission to so proceed is committed to the sound discretion of the court.'" *Carroll v. Onemain Fin. Inc.*, No. 14-CV-14514, 2015 WL 404105, at *2 (E.D. Mich. Jan. 29, 2015) (citation omitted).

As best the Undersigned can tell from Plaintiff's most recent financial affidavit, he makes $600 per month through self-employment. (Doc. 3 at 2 (stating at one point Plaintiff makes $600 per month but at another point Plaintiff made $600 in the last 12 months)). He does not have any cash on hand or in a bank account. (*Id.* at 3). But at the same time, he has no expenses. (*Id.* (providing only "Bank of America" as a creditor but indicating the amount owed is "$0.00")). Plaintiff declined to provide the Court with more clarity.

Simply put, Plaintiff appears to make over the filing fee in monthly income. And he has no listed expenses that this income must be allocated toward. These circumstances do not justify granting Plaintiff *in forma pauperis* status. *Cf. Bush v. Ohio Dep't of Rehab. & Corr.*, No. 2:05-CV-0667, 2007 WL 4365381, at *1 (S.D. Ohio Dec. 10, 2007) (noting that *in forma pauperis* status is usually reserved for people who "would truly be required to forego food, shelter, clothing, or some other necessity were they to devote any of their scant resources to paying a judicial filing fee").

The Undersigned acknowledges that "plaintiffs need not promise to give 'the last dollar they have or can get' to the point that they 'make themselves and their dependents wholly

destitute'" to proceed *in forma pauperis*. *Stansberry v. Pappadeaux*, No. 1:22-cv-667, 2023 WL 2133488, at *2 (S.D. Ohio Feb. 21, 2023) (quoting *Adkins*, 335 U.S. at 339). And very likely, Plaintiff does not wish to allocate his income to initiating this litigation. Yet this "appears to be a case where Plaintiff must 'weigh the financial constraints posed by pursuing [his] complaint against the merits of [his] claims.'" *Henderson v. Pappas Trucking LLC AG Container*, No. 2:21-CV-2088, 2021 WL 2003986 (S.D. Ohio May 4, 2021) (citation omitted), *report and recommendation adopted*, No. 2:21-CV-2088, 2021 WL 2002408 (S.D. Ohio May 19, 2021).

As such, the Undersigned **RECOMMENDS** that the Court **DENY** Plaintiff's Motions for Leave to Proceed *in forma pauperis*. (Docs. 1, 3). The Undersigned further **RECOMMENDS** that should this Report and Recommendation be adopted, Plaintiff be ordered to pay the filing fee within fourteen (14) days or else his case should be dismissed for want of prosecution. Plaintiff should also be aware that if he is ordered to pay the filing fee, he will be responsible for effecting service on Defendant.

Date: March 30, 2026 /s/ Kimberly A. Jolson
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE

**<u>Procedure on Objections</u>**

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in

3

part, the findings or recommendations made herein, may receive further evidence, or may recommit this matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo* and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).